**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| PIONEER LABORATORIES, Inc. d/b/a/ PIONEER SURGICAL TECHNOLOGY, | ) <br> ) Honorable Gordon J. Quist <br> ) |
| Plaintiff, | ) Civil Action No. 2:05 CV 041 <br> ) |
| v. | ) <br> ) |
| STRYKER CORPORATION and HOWMEDICA OSTEONICS CORP., | ) **PROTECTIVE ORDER** <br> ) <br> ) |
| Defendants. | ) <br> ) |

WHEREAS certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive or to contain a trade secret or other confidential research, development, strategy, marketing, sales, business or commercial information;

WHEREAS it has been agreed by and among Plaintiff Pioneer Laboratories, Inc. ("Pioneer") and Defendants Stryker Corporation and Howmedica Osteonics Corp. (collectively "Stryker"), through their respective counsel, that a Protective Order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Western District of Michigan (Northern Division); and

WHEREAS Pioneer and Stryker each submitted a proposed protective order and objections to each other's proposed protective order.

WHEREAS the Court ruled at the September 20, 2005, hearing that the following order be entered.

It is hereby ORDERED that:

1

1. <u>Scope.</u>  The Protective Order shall apply to all information, documents and things subject to discovery or provided in the above-identified action including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the Receiving Party for inspection and documents and things provided to the Receiving Party, whether in the form of originals or copies) by a Disclosing Party, information obtained from inspection of premises or things, and answers to requests for admissions.  This Protective Order is binding upon the parties to this litigation, including their respective attorneys, agents, representatives, officers, employees and others as set forth in this Protective Order.

2. <u>Definitions.</u>

    (a)  "Receiving Party" means any party to this action receiving information, documents or things from a Disclosing Party.

    (b)  "Disclosing Party" means parties as well as nonparty persons or entities subject to discovery in this action.

    (c)  "Outside Counsel" means outside law firms and/or lawyers that have been retained by a party or third party to provide advice in connection with this action.  Outside Counsel includes attorneys, patent agents, paralegals, assistants and stenographic, clerical and support employees of the respective law firms and/or lawyers.

    (d)  "Confidential Information" means non-public information, documents and things designated by a Disclosing Party as "Confidential" or "Confidential – Outside Counsel Only" in the good faith belief that such information, documents and things relate to sensitive or confidential business

information, including:

(i) research or development activities, whether or not such research or development has resulted in a commercial product;

(ii) proposed research or development activities;

(iii) non-public sales, marketing and/or other strategic plans;

(iv) customer lists and other customer-specific information;

(v) non-public financial information as to sales, manufacturing and costs;

(vi) pending, unpublished patent applications; or

(vii) other highly sensitive business information whose unauthorized disclosure might cause competitive damage or lessen a competitive advantage.

(e) "Confidential – Outside Counsel Only" means Confidential Information that the Disclosing Party in good faith believes is so sensitive that it should not be disclosed to in-house representatives, employees, officers or directors of the Receiving Party which includes, but is not limited to, non-published patent applications, confidential financial informaion and on-going R&D activities of the Disclosing Party. "Confidential – Outside Counsel Only" information may be disclosed only to those persons qualifying under paragraphs 3(a) to 3(e) below.

The above list is intended to be illustrative of Confidential Information only, and is not intended to provide an exhaustive list of information, documents or things that may be designated in good faith as "Confidential" or "Confidential – Outside Counsel Only."

3. <u>Access to Confidential Information.</u>  Information, documents and things designated as "Confidential" pursuant to this Protective Order shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than:

    (a) Outside Counsel for the parties, except individuals who prepare or prosecute patent applications concerning the subject matter of the patent-in-suit during the pendency of this action;

    (b) any independent experts for the Receiving Party who are not regularly employed by or consulting for either party in non-litigation matters and whose advice and consultation are being or will be used by a party hereto in connection with preparation for trial or trial of this action; provided, however, that Confidential Information shall not be disclosed to any independent expert until that person has executed a Certificate of Confidentiality in the form attached hereto as Exhibit A acknowledging that he or she has read a copy of this Protective Order and agrees to be bound by its terms;

    (c) independent litigation support service personnel with whom persons defined in paragraphs 3(a) and 3(b) work in connection with the above-captioned action, including, for example, trial graphics or jury research firms and individuals retained by those firms, provided that any such personnel shall first execute a Certificate of Confidentiality in the form attached hereto as Exhibit A;

    (d) Court officials (including court reporters and any special master, discovery

        master or technical advisor appointed by the court) and the Court's staff in connection with the Court's administration and adjudication of this action;

(e)     any person who prepared a particular document designated as "Confidential" or "Confidential – Outside Counsel Only" or who is listed on the face of such a document as a recipient of the document, but the disclosure shall be limited to the specific Confidential Information disclosed in the particular document prepared or received by such person, and

(f)     two designated in-house representatives for each party, provided the restrictions set forth in paragraph 4 below with respect to in-house representative access are observed.

Information desigated as "Confidential – Outside Counsel Only" pursuant to this Protective Order shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly to anyone other than those persons qualifying under (a) – (e) of this paragraph.

    4.     <u>Access By In-House Representatives To Information Designated As "Confidential"</u>.  A Receiving Party may designate no more than two representatives employed by the Receiving Party to receive information designated as "Confidential" as provided in paragraph 3(f) above, and subject to the terms of this paragraph 4.

(a)     In-house representatives shall not be provided with or be given access to any Confidential Information that refers or relates to non-published patent applications of the Disclosing Party or to ongoing R&D activities of the Disclosing Party.

(b)     In-house representatives shall not be provided with or be given access to

any other information, document, and/or things designated "Confidential – Outside Counsel Only".  Each Disclosing Party shall have the burden of (i) labeling all documents produced by it that may not be disclosed to the in-house representatives for such Receiving Party as "Confidential – Outside Counsel Only", and (ii) identifying by page and line numbers any deposition testimony that may not be disclosed to the designated in-house representatives.

(c) In order to maintain the confidentiality of information designated as "Confidential," designated in-house representatives shall take all necessary steps to prevent any other officer, director, employee, or agent of the Receiving Party—including secretarial, clerical, and legal employees working for designated in-house representatives—from gaining any access to information designated as "Confidential."  Designated in-house representatives shall use information designated as "Confidential" solely to assist Outside Counsel in the preparation and trial of this lawsuit, settlement discussions, and negotiations in connection with this lawsuit, or any form of alternative dispute resolution of this action, and for no other legal or business purpose.

(d) Information designated as "Confidential" shall not be disclosed to a designated in-house representative until and unless the representative has executed a Certificate of Confidentiality in the form attached to this Protective Order as Exhibit A acknowledging that he or she has read a copy of the Protective Order, and agrees to be bound by its terms.  Such

6

Certificate of Confidentiality must be provided to all other parties named in this action at least ten (10) business days before any disclosure to the designated in-house representative. If any party objects to the disclosure of information designated as "Confidential" to such representative within ten (10) business days after receiving notice, no such disclosure shall be made to that representative until the dispute between the parties has been resolved.

5. <u>Labeling.</u> Each document or thing provided to the Receiving Party, or any portion thereof, each set of interrogatory answers or portion thereof, and each set of answers to requests for admission or portion thereof that discloses information deemed by the Disclosing Party in good faith to be Confidential Information, as such term is defined in paragraph 2, shall be so identified at the time of service of such discovery by including on each page the legend "Confidential" or "Confidential – Outside Counsel Only" or if provided to the Receiving Party prior to the date of the entry of this Protective Order, may be so identified within fourteen (14) calendar days of that date. Information being designated as "Confidential" or "Confidential – Outside Counsel Only" that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the Disclosing Party in a writing provided to the Receiving Party at the time of production.

6. <u>Originals.</u> In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals from which said copies have directly been made shall be preserved for inspection.

7. <u>Depositions.</u> Depositions, or portions thereof, may be designated as "Confidential" or "Confidential – Outside Counsel Only" at the time of the deposition. If no

7

such designation is made at the deposition, each transcript shall be presumptively deemed to be "Confidential – Outside Counsel Only" and subject to the provisions of this Protective Order for a period of thirty (30) calendar days following the delivery of the transcript by the reporter. Within thirty (30) calendar days of the delivery of the transcript, counsel for the deponent (if the deponent is not a party), or Outside Counsel for any party may designate certain portions of the deposition as "Confidential" or "Confidential – Outside Counsel Only" by notifying all counsel of record in writing of said designation(s). Outside Counsel for each party shall be responsible for marking the designated portions of copies of the transcript in their possession as "Confidential" or "Confidential – Outside Counsel Only" in accordance with the requirements of paragraph 5. Portions of the transcript not designated by Outside Counsel or counsel for the deponent within thirty (30) calendar days after receipt of the transcript as "Confidential" or "Confidential – Outside Counsel Only" shall be considered not to contain any Confidential Information. Outside Counsel and/or counsel for the deponent shall make their best efforts not simply to designate an entire transcript as "Confidential" or "Confidential – Outside Counsel Only" and shall make a good faith effort to designate Confidential Information by page and line number. Designations of portions of the transcript shall have no effect on the designations of the deposition exhibits.

If counsel for any party or for the deponent designates a portion of a deposition as "Confidential" or "Confidential – Outside Counsel Only" on the record during the deposition, the designating party shall have the right to have all persons not bound by this Protective Order or not entitled to access to the Confidential Information excluded from the deposition, or any portion thereof, before the taking of testimony that has been designated as "Confidential" or "Confidential – Outside Counsel Only".

8. <u>Initial Inspection.</u>  If a Disclosing Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents and things produced for initial inspection will be considered as having been designated as "Confidential – Outside Counsel Only." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

9. <u>Disclosure.</u>  Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Confidential – Outside Counsel Only" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Confidential – Outside Counsel Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Confidential – Outside Counsel Only" information, irrespective of which party produced such information.

10. <u>Designation Not Determinative;  Challenges to Confidentiality Designations.</u> Inspection, receipt, or filing under seal by a party of information, a document or thing designated as "Confidential" or "Confidential – Outside Counsel Only" hereunder shall not constitute a concession by that party that the information, document or thing is Confidential Information. Subsequent to the inspection or receipt of information, documents or things designated as Confidential Information hereunder, a party may request the Disclosing Party to redesignate such information, documents or things.  Such request shall be by written notice to counsel for the

9

Disclosing Party and shall identify with particularity the information, documents or things to be redesignated. If a dispute arises and it is not resolved within fourteen (14) calendar days of the written notice, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of Confidential Information, the information, documents, or things shall retain the prior designation as "Confidential" or "Confidential – Outside Counsel Only." However, in connection with any such motion, the Disclosing Party shall bear the burden of persuading the Court that there is a good-faith basis for contending that the information, documents or things are properly designated as "Confidential" or "Confidential – Outside Counsel Only" and for opposing any modification of such designation or this Protective Order.

11. <u>No Obligation to Object to Designation.</u> The Receiving Party shall be under no obligation to object to the designation of any document as "Confidential" or "Confidential – Outside Counsel Only" at the time the designation is made, or at any other time, and a party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time. The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

12. <u>Inadvertent Disclosure.</u> The inadvertent or unintentional disclosure by the Disclosing Party of information, documents or things that it thereafter believes should have been designated as "Confidential" or "Confidential – Outside Counsel Only," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Party's claim that the information is Confidential Information, either as to the specific information disclosed or as to any other

information relating thereto or on the same or related subject matter; provided, however, the Disclosing Party must notify the Receiving Party promptly upon discovery of the inadvertent or unintentional failure to designate by giving written notice to the Receiving Party that the information, documents or things are Confidential Information and should be treated in accordance with the provisions of this Protective Order.  The Receiving Party must treat such information, documents or things as Confidential Information, from the date such written notice is received.  Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made must be immediately advised that the material disclosed is Confidential Information, and must be treated in accordance with this Protective Order.  These persons are also to return such information, documents or things to the Receiving Party under the Protective Order.

      13.    <u>Disclosure in Certain Circumstances.</u>  The restrictions set forth in the preceding paragraphs shall not apply to information that

      (a)    at or prior to disclosure thereof in this action, is or was a matter of public knowledge or was independently obtained by the Receiving Party; or

      (b)    after the time of disclosure herein, become a matter of public knowledge other than by act or omission of the Receiving Party or its agents, experts, consultants or attorneys.

No party hereto shall be bound by this Protective Order as to any information, documents or things that it possessed prior to the entry of this Protective Order, unless the information, documents or things were provided to the Receiving Party in response to a discovery request in the current litigation prior to the date of the entry of the Protective Order and were subsequently

designated as "Confidential" or "Confidential – Outside Counsel Only" pursuant to paragraph 5.

14. <u>Filing Under Seal.</u>  All pleadings, briefs, discovery responses, transcripts, exhibits, or other documents or things containing any Confidential Information shall be filed with this Court pursuant to Local Rule 10.6 in sealed envelopes or other appropriately sealed containers bearing the caption of this litigation, the word "CONFIDENTIAL" and an external legend substantially in the following terms:

> The contents hereof include confidential information filed in this case by [name of party] in accordance with a Protective Order entered in this case on [date].  This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case.  Counsel for the parties may open service copies of this envelope or container subject to the provisions of the Protective Order.

The materials so filed shall be impounded until sixty (60) days after the entry of final judgment herein, including any applicable appeal period, at which time the parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal.  No document or information may be filed under seal without prior authorization from the Court.  The parties shall make every effort to avoid seeking to file documents or information under seal.  Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

15. <u>Use at Trial.</u>  Issues relating to confidentiality and public access to information to be presented at trial will be addressed at a future time, if necessary.

16. <u>Disposition After Final Termination.</u>  After final termination of this litigation,

12

including all appeals, Outside Counsel shall be entitled to retain or destroy, at their option, all Confidential Information of any Disclosing Party.  Any such information retained by Outside Counsel shall be used only for the purpose of preserving a file on this action and shall not, without the written permission of the Disclosing Party or an order of the Court, be disclosed to anyone other than such Outside Counsel.  Within forty-five (45) days after the final termination of this action, including any applicable appeal period, the attorneys for each party shall deliver an affidavit to the Disclosing Party certifying that reasonable efforts have been made to assure that all information, documents, and things produced by the Disclosing Party designated as "Confidential" or "Confidential – Outside Counsel Only" and any copies thereof, have been retained or destroyed in accordance with the terms of this Protective Order.  Any party retaining such information may destroy it at a later date without notification.

17. <u>Use of Discovery Materials, Confidential Information.</u>  All information, documents, and things learned or provided pursuant to discovery in the above-identified action shall be used solely for the preparation and trial of this lawsuit, settlement discussions or negotiations in connection with this lawsuit, and any form of alternative dispute resolution concerning this action, and for no other purpose.  Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document or thing designated as "Confidential" or "Confidential – Outside Counsel Only" shall be treated as Confidential Information.  Nothing in this Protective Order shall prohibit or restrict a Disclosing Party from disclosing or using in any way its own Confidential Information.

18. <u>Custody and Control.</u>  The recipient of information, documents or things identified as Confidential Information hereunder shall maintain such information, documents or

things securely and safely and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents or things.  Confidential Information shall be held in confidence by each person to whom it is disclosed and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Outside Counsel must maintain copies of all executed Certificates of Confidentiality.

19. Subpoena. Any party served with a subpoena or other notice compelling the production of any information, documents or things designated as "Confidential" or "Confidential – Outside Counsel Only" pursuant to this Protective order, must give prompt telephonic and written notice to the Disclosing Party of such subpoena or other notice.  Such notice shall, in any event, be given by the third business day after service of the subpoena or other notice.  If the Disclosing Party takes steps to oppose the subpoena, then the party served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue.  Absent Court order, production or disclosure shall not in any event be made before notice is given to the Disclosing Party and the Disclosing Party has had at least ten (10) business days to act.  Upon receiving such notice, the Disclosing Party shall bear the burden to move to quash or limit the subpoena, if it deems it appropriate, on grounds of confidentiality.

20. Third Parties. A copy of this Protective Order shall be furnished to each third party required to produce documents or otherwise formally disclose information in response to discovery requests during this litigation.  Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Disclosing Party for purposes of this Protective Order.

21. Modification. This Protective Order shall be without prejudice to the right of any

party to seek modification of any provision of this order, or a modification of its applicability with respect to any specific information subject hereto, either.

22.     Service of Notices.  All notices required by this Protective Order are to be served via facsimile and Federal Express, to the appropriate counsel of record.  The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating when the facsimile was received.

23.     Duration; Continuing Jurisdiction.  This Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), and termination of proceedings shall not relieve any person or party from the obligations of this Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, including the entering of an order for injunctive relief.

24.     Future Representation by Counsel.  It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of (or is given access to) protected information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge (or access).

SIGNED AND ENTERED this 28th day of September, 2005

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

AGREED AS TO FORM:

Date:  September 27, 2005                             Date:  September 27, 2005


By /s/ Philip T. Petti_____           By /s/ Robert A. Surrette_____
Steven C. Schroer                                     Gregory J. Vogler
Philip T. Petti                                       Robert A. Surrette
Timothy Maloney                                       MCANDREWS, HELD & MALLOY, LTD.
Rudy I. Kratz                                         500 West Madison Street, Suite 3400
FITCH, EVEN, TABIN & FLANNERY                         Chicago, Illinois  60601
120 S. LaSalle Street, Suite 1200                     Telephone:  (312) 775-8000
Chicago, Illinois 60603                               Facsimile: (312) 775-8100
Telephone:  (312) 577-7000
Facsimile: (312) 577-7007

Ronald D. Keefe                                       David J. Gass
KENRICKS BORDEAU ADAMINI                              MILLER, JOHNSON, SNELL & CUMMISKEY, P.C
    CHILMAN & GREENLEE, P.C.                          P.O. Box 306
128 West Spring Street                                Grand Rapids, Michigan  49501-0306
Marquette, Michigan  49855                            Telephone:  616-831-1700
Telephone: (906) 226-2543                             Facsimile:  616-831-1701
Facsimile: (906) 226-2819

*Attorneys for Plaintiff,  PIONEER*                   *Attorneys for Defendants, STRYKER CORPORATION*
*LABORATORIES, INC.*                                  *and HOWMEDICA OSTEONICS CORP.*

16

**EXHIBIT A**

**CERTIFICATE OF CONFIDENTIALITY**

I have received and read a copy of the Protective Order in this case and I agree to abide by its terms.  I understand that materials disclosed to me and designated "Confidential" or "Confidential – Outside Counsel Only" are subject to various restrictions of use and disclosure, including the restriction that they are to be used and considered solely in connection with this litigation, and not for any business or other purpose whatsoever.  I further agree to submit to the jurisdiction of the United States District Court for the Western District of Michigan (Northern Division) for the purpose of enforcing my compliance with the Protective Order.

Dated this ___ day of _____, 2005.

Name:       _____

Address:    _____

                    _____

Phone:      _____

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY:

Signature:    _____